UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO: 8:16-cr-345-CEH-AEP

JEN ALFREDO GARCIA
QUINONEZ
_____/

## O R D E R

This matter comes before the Court on Defendant Jen Alfredo Garcia Quinonez's Motion for Reduction in Sentence (Doc. 94). In the motion, Defendant, who is proceeding *pro se*, seeks compassionate release or a reduction in his sentence pursuant to the "Time Credit Program" under the First Step Act. The Government has filed a response opposing the motion. Doc. 97. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Reduction in Sentence.

## DISCUSSION

On November 2, 2016, Defendant, Jen Alfredo Garcia Quinonez ("Defendant") pleaded guilty in open court to Count One of the Indictment charging him with conspiracy to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and Title 21, United States Code, § 960(b )(1)(B)(ii). Docs. 1, 46, 47, 60. On February 1, 2017, this Court sentenced Defendant to 120 months' imprisonment and a term of five years of

supervised release. Doc. 90. Defendant, who is currently 55 years old, is incarcerated at Williamsburg FCI with an expected release date of January 30, 2024. *See* https://www.bop.gov/inmateloc/ (last accessed December 11, 2023).

On March 28, 2023, Defendant, proceeding *pro se*, filed a motion seeking compassionate release or to reduce his term of imprisonment based on an application of FSA time credits to which he claims he is entitled. Doc. 94. Specifically, Defendant complains that because he is subject to an immigration detainer, he has been told he is unable to benefit from FSA time credits.

The Government opposes Defendant's motion, arguing that Defendant's request for compassionate release should be denied because Defendant failed to exhaust administrative remedies. Doc. 97. The Government represents that according to the Bureau of Prison's ("BOP") records, the Defendant has never requested the BOP file a motion for sentence modification on his behalf. But even if the Defendant had exhausted his administrative remedies, the Government submits that Defendant fails to demonstrate a compelling and extraordinary reason, consistent with applicable policy statements of the Sentencing Commission, to support a reduction in his sentence.

To the extent that Defendant seeks relief under § 3582(c)(1)(A), his motion fails. As the Government points out, a defendant is required to exhaust his administrative remedies before seeking relief from the Court under 18 U.S.C. § 3582(c)(1)(A). On the record before the Court, it is apparent Defendant has not satisfied administrative

exhaustion and thus the motion is due to be denied. Moreover, he fails to identify any extraordinary and compelling circumstance warranting a reduction in his sentence.

Defendant alternatively argues he is entitled to a reduction in his sentence based on the applicability of the FSA time credits. The Government responds that the Court has no jurisdiction to consider this request as it must be brought in the district of confinement and only after an exhaustion of administrative remedies. The Government additionally argues that Defendant has provided no facts to support that he is or is not receiving time credits under the First Step Act.

The "granting of credit for time served 'is in the first instance an administrative, not a judicial, function.' A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (quoting *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989)); *see also United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (holding the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing). A challenge to the denial of earned time credits goes to the execution of a defendant's sentence and thus the appropriate procedure to challenge a denial of his time credits is by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (prisoner's claim that the U.S. Parole Commission wrongly denied him certain credits toward his sentence concerned the execution of the sentence, for which a § 2241 habeas petition was the appropriate vehicle); *see also, e.g., U.S. v. Eck*, 3:16-cr-102-MMH-MCR, 2022 WL 911732, *4 (M.D.

3

Fla. March 29, 2022) (denying compassionate release motion based, in part, on argument that defendant was being denied earned time credits under the First Step Act, because such a claim must be brought via § 2241 petition in the district in which defendant is incarcerated). "A [§ 2241] petition for a writ of habeas corpus may only be brought in the court having jurisdiction over the petitioner or his place of incarceration." *Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985). Defendant is incarcerated at Williamsburg FCI, in Salters, South Carolina. If he wishes to challenge the denial of earned time credits, he must file a habeas petition in the District of South Carolina after exhausting his administrative remedies. Although this Court is without jurisdiction to review a challenge related to Defendant's time credit eligibility, the Court notes that it appears Defendant has received FSA credits.[1] *See* Doc. 97-2 at 2. Accordingly, it is hereby

**ORDERED**:

1.     Defendant's Motion for Reduction in Sentence (Doc. 94) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 11, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:    Jen Alfredo Garcia Quinonez, *pro se*
              Counsel of Record

---

[1] The "Inmate Data" filed by the Government identifies Defendant's final statutory release date as January 29, 2025. With "365 days" of "applied FSA credits," "the inmate is projected for release January 30, 2024." Doc. 97-2 at 2. According to the BOP website, Defendant's release date is similarly listed as January 30, 2024.